HEANEY, Circuit Judge.
 

 The trustee for the bankrupt Citizens Loan and Savings Company seeks to compel Charlotte Weiser to turn over certain mo
 
 *531
 
 nies to the bankrupt’s estate, contending that her withdrawals of the monies from Citizens were voidable preferences under section 60(b) of the Bankruptcy Act, 11 U.S.C. § 96(b). On cross-motions for summary judgment, the district court denied the trustee’s motion and granted Weiser’s. We affirm the judgment of the district court.
 

 In July of 1977, Charlotte Weiser had $38,500 on deposit with Citizens. On August 1, 1977, she received a letter from the receiver for the Kansas Savings and Loan Association informing her that the Association was insolvent and that depositors, including Weiser, might lose a portion of their savings. Weiser then became concerned about her deposits with Citizens and the Morris Plan, knowing that they too were uninsured. On August 1 and 2, 1977, she withdrew $32,162.52 from Citizens, leaving $6,500 on deposit, and withdrew $19,500 from the Morris Plan. Her son, Richard, was at that time a general vice president and a member of the board of directors of Citizens and had daily access to its books, records and financial reports.
 

 On August 11,1977, Citizens filed a Chapter XI petition in bankruptcy. On January 23, 1978, the bankruptcy court ordered Weiser to show cause why she should not be compelled to pay the sums withdrawn from Citizens to the trustee in bankruptcy. Weiser challenged the summary jurisdiction of the bankruptcy court, and it conducted a hearing to determine whether Weiser had a substantial adverse claim to the funds.
 
 See
 
 2 Collier on Bankruptcy ¶ 23.04[2], at 453-455, ¶ 23.07[2], at 526-527 (14th ed. 1976). Charlotte and Richard Weiser testified without contradiction that Charlotte Weiser did not consult her son or seek his advice regarding the withdrawals from Citizens. Richard Weiser testified that he was unaware of Citizens’ insolvency until August 8, 1977.
 

 The bankruptcy court sustained Weiser’s objection to its summary jurisdiction on the basis of her adverse claim,
 
 see
 
 2 Collier on Bankruptcy ¶ 23.07[2], at 526-527; 3 Collier on Bankruptcy ¶ 60.60[2], at 1110 (14th ed. 1976), thus requiring it to decide whether the action to recover the money should be dismissed or transferred to the civil docket of the district court.
 
 See
 
 Bankruptcy Rule 915(b); § 23 of the Bankruptcy Act, 11 U.S.C. § 46. The bankruptcy court rejected Weiser’s contention that the absence of communication between Weiser and her son, as well as Richard Weiser’s ignorance of Citizens’ insolvent state, rendered the trustee's claim meritless. Instead, it found that the circumstances should have compelled Charlotte Weiser to inquire into Citizens’ financial condition before withdrawing her money. The court held that her failure to do so in spite of her “generalized * * * apprehension respecting the possible insolvency of the savings institutions with which she had her monies deposited” and her familial relationship with Richard Weiser constituted “a paradigm case of a considered closing of eyes by the creditor to the financial condition of a debtor.” The judge transferred the cause to the district court with the recommendation that it grant summary judgment in favor of the trustee.
 

 Both the trustee and Weiser moved for summary judgment in the district court. The district court found that no material facts remained in dispute, denied the trustee’s motion for summary judgment and granted Weiser’s. It concluded that Weiser’s relationship with Richard Weiser and her general apprehension regarding her uninsured deposits did not create a duty to inquire in the absence of some other “specific factual circumstance” which would incite an ordinary prudent person to question Citizens’ solvency.
 

 Both parties agree that the only question presented on appeal is whether Charlotte Weiser had reasonable cause to believe that Citizens was bankrupt at the time she made her withdrawals. The trustee argues that the district court erred in denying his motion because the circumstances compelled Weiser to inquire into Citizen’s financial condition as a matter of law. He argues that the district court erred in granting Weiser’s motion because of the existence of
 
 *532
 
 a material issue of fact: whether she actually communicated with her son prior to withdrawing her money. On that point, the trustee challenges the witnesses’ credibility, arguing that a jury could disbelieve Charlotte and Richard Weiser’s testimony.
 

 Summary judgment should be granted sparingly,
 
 Glover v. National Broadcasting Co.,
 
 594 F.2d 715 (8th Cir. 1979), and we do not assume that no material facts remain in dispute simply because both parties moved for summary judgment.
 
 See United States v. Porter,
 
 581 F.2d 698, 703 (8th Cir. 1978). Once the movant has supported his or her motion, however, the opponent must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant’s evidence at trial.
 
 Inland Oil and Transport Co. v. United States,
 
 600 F.2d 725, 728 (8th Cir.),
 
 cert. denied,
 
 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979);
 
 Anderson v. Viking Pump Div., Houdaille Industries, Inc.,
 
 545 F.2d 1127, 1129 (8th Cir. 1976).
 

 To establish a voidable preference under section 60(b) of the Bankruptcy Act, the trustee must show that Weiser had reasonable cause to believe Citizens was insolvent at the time of her withdrawals. 11 U.S.C. § 96(b); 3 Collier on Bankruptcy ¶ 60.52 (14th ed. 1976). The trustee contends that an issue of material fact remains because he may be able to prove that Weiser consulted her son prior to making her withdrawals. He attacks Weiser’s credibility and attempts thereby to raise a factual question not susceptible of summary disposition. While doubts over the movant’s credibility sometimes lead a court to conclude that summary judgment is improper, see 10 Wright & Miller, Federal Practice and Procedure § 2726 (1973), the opponent of the motion must allege some basis or ground for his attack on the witness.
 
 Inland Oil and Transport Co. v. United States, supra; Lundeen v. Cordner,
 
 354 F.2d 401, 409 (8th Cir. 1966).
 

 The trustee has not alleged any factual basis for an attack on Weiser’s or her son’s testimony, although he had the opportunity to do so at the bankruptcy hearing and in his opposition to Weiser’s summary judgment motion before the district court. Charlotte and Richard Weiser’s testimony that they did not communicate about the withdrawals was uncontradicted at the hearing before the bankruptcy referee. Although the hearing was not transcribed, see Bankruptcy Rule 511, the parties agree that there was no contradictory testimony and we have no reason to doubt this. The trustee did not inform the district court of any evidence that it had developed that might refute or contradict Charlotte and Richard Weiser’s testimony. Further, the trustee in bankruptcy carries the burden of proving Weiser had reasonable cause to believe Citizens was insolvent,
 
 see Green v. A. G. Edwards & Sons, Inc. (In re Investment Securities, Inc.),
 
 582 F.2d 439, 442 (8th Cir. 1978), and, as such, he may not simply rest on the hope that a finder of fact would disbelieve Charlotte and Richard Weiser at trial.
 
 See generally
 
 10 Wright & Miller, Federal Practice and Procedure §§ 2726, 2727 (1973). The trustee cannot avoid Weiser’s motion for summary judgment by generally raising questions of credibility without any evidentiary basis therefor.
 

 The trustee contends that the district court erred in granting Weiser’s motion for summary judgment for another reason. The trustee argues that Weiser had reasonable cause to believe Citizens was insolvent even in the absence of communication between Weiser and her son. While Weiser’s apprehension, based merely on the letter from the receiver for the insolvent Kansas Savings and Loan, does not establish reasonable cause,
 
 see Green v. A. G. Edwards & Sons, Inc., supra
 
 at 443;
 
 Herzog v. Mandan Security Bank (In re PRS Products, Inc.),
 
 574 F.2d 414, 417 (8th Cir. 1978), the trustee contends that Weiser’s apprehension, when coupled with her son’s position at Citizens, constitutes “circumstances * * * that would incite a prudent business person to inquire into the debtor’s affairs * * *.”
 
 Green v. A. G. Edwards & Sons, Inc., supra; see Herzog v. Mandan Security Bank, supra.
 
 Both Weiser’s and the trustee’s mo
 
 *533
 
 tions thus hinge on the question of whether Weiser had a duty to inquire. If so, and if the inquiry would have revealed Citizens’ insolvent condition, then knowledge of that condition would be attributed to Weiser and reasonable cause would be established.
 

 We agree with the district court’s conclusion that Weiser was not under a duty to inquire. There is no evidentiary basis for finding that she withdrew her funds for any reason other then a generalized apprehension over her uninsured savings. That apprehension developed from an experience with an unrelated uninsured savings and loan and did not give rise to a duty on the part of Weiser to inquire of her son as to the financial condition of Citizens. The mere existence of a family relationship between Richard and Charlotte Weiser does not give rise to the inference that Charlotte Weiser had knowledge of Citizens’ financial condition because that knowledge is not a “normal and natural incident of kinship.”
 
 Carroll
 
 v.
 
 Holliman,
 
 336 F.2d 425, 428 (10th Cir.),
 
 cert. denied,
 
 380 U.S. 907, 85 S.Ct. 889, 13 L.Ed.2d 795 (1964) (quoting
 
 Vance
 
 v.
 
 Dugan,
 
 187 F.2d 605, 606 (10th Cir. 1951));
 
 see Bostian v. Levich,
 
 134 F.2d 284 (8th Cir. 1943). Without such an inference, there is no basis for holding that Weiser should have inquired into Citizens’ condition.
 

 Because Weiser was under no reasonable duty to inquire, the trustee’s motion for summary judgment was correctly denied. Because the trustee alleged no evidentiary basis for challenging Charlotte and Richard Weiser’s testimony, Weiser’s motion for summary judgment was correctly granted. The judgment of the district court is affirmed.