**Tony Ray DUNAVANT, Appellant,**

v.

**Richard MOORE, et al., Appellees.**

**No. 89–1456.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1989.

Decided July 3, 1990.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Tony Ray Dunavant appeals from a district court [1] order granting summary judgment against him on one count of his claim, filed under 42 U.S.C. § 1983 (1982), against various employees of the Farmington Correctional Center and the Missouri Department of Corrections and Human Resources. Dunavant claims that the grooming regulations at the Farmington facility, which require that beards not exceed two inches in length, violate his first amendment right to freely exercise his religious beliefs. We affirm the order of the district court.

Dunavant is a Missouri state prisoner who has been imprisoned at Farmington since July 30, 1987. Since June of 1985, Dunavant has been a member of the Church of Jesus Christ Christian/Aryan Nation. His study of the Bible and membership in the Church caused him to form a religious belief that he should not shave, cut, or round the corners of his beard. Farmington's grooming policy [2] prohibits beards longer than two inches. After being disciplined three times for failing to conform with the grooming regulation, Dunavant trimmed his beard. This action followed.

Acting upon a report and recommendation from a magistrate,[3] the district court held, in accord with its order in *Iron Eyes v. Dowd*, No. 88–0583C(3) (E.D.Mo. Oct. 24, 1988), that the regulation: (1) was based on legitimate and neutral penological objectives related to security; (2) did not prohibit Dunavant from all means of adhering to his religion and was a neutral regulation; and (3) was reasonably related to legitimate penological concerns. Dunavant argues on appeal that: (1) the regulation is arbitrary, because Farmington allows other inmates alternative means with which they can dis-

Paul J. Puricelli, St. Louis, Mo., for appellant.

Robert T. Ebert, Jr., St. Louis, Mo., for appellees.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Division Rule 116.050(2), Missouri Administrative Code Title 14, Division 20, Chapter 16.

3. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

guise themselves; (2) corrections officials could implement alternative means to identify inmates who chose to allow their beards to grow; and (3) the district court erred in relying on affidavits that contradicted the unequivocal deposition testimony of Dennis Dowd, Superintendent of Farmington, and Dan Henry, Assistant Superintendent of Farmington.

## I.

■ In light of our recent decision in *Iron Eyes v. Henry*, 907 F.2d 810 (8th Cir.1990), affirming the district court's order in that case, Dunavant's first two claims can be dealt with in quick fashion. In *Iron Eyes* a divided panel applied recent Supreme Court authority, including *Thornburgh v. Abbott*, —— U.S. ——, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); and *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and upheld the hair length limitation of the Farmington grooming regulation and affirmed the denial of the prisoner's section 1983 action. *Iron Eyes v. Henry*, 907 F.2d at 816.

As we noted in *Iron Eyes*, "Before the *Turner* factors are applied to a prisoner's free exercise claim, the inmate must first establish the existence of a sincerely held religious belief, and that the challenged regulation infringes upon that belief." *Iron Eyes*, 907 F.2d at 813. In this case the district court adopted the report of the magistrate, in which the magistrate assumed that Dunavant's belief that he should refrain from trimming his beard was a sincere religious one. (Jt.App. at 222). While it is possible that a full consideration of this issue might render unnecessary application of the *Turner* factors, in the posture that this case reaches us, we will simply follow the magistrate's assumption.

Although our decision in *Iron Eyes* focused on hair length rather than beard length, its reasoning still compels us to affirm the district court's order concerning Dunavant. A long beard, like long hair, could make identification more difficult and help prisoners hide contraband. *See Iron Eyes*, at 814. *See also Fromer v. Scully*, 874 F.2d 69, 74–75 (2d Cir.1989). We are satisfied from our careful review of the record that the Farmington beard regulation is based on legitimate and neutral penological objectives related to security, and that it satisfies the factors set forth by the Court in *Turner*. *See* 482 U.S. at 89–91, 107 S.Ct. at 2261–63.

## II.

■ Dunavant's final argument also merits only brief discussion. He maintains that there is no basis for granting a summary judgment because the affidavits submitted by Dowd and Charles Harris, Chief Custody and Security Officer at Farmington, which contradict deposition testimony given by Dowd and Henry, should not be considered. Alternatively, Dunavant contends that the inconsistencies between the affidavits and depositions create a genuine issue of material fact, thereby precluding summary judgment.

From our review of the record in this case, we see no reason to disregard defendants' affidavits. Neither Dowd nor Henry claimed to have authorized the beard length provision. Accordingly, any uncertainty on their part regarding the provision's objectives is immaterial and does not merit discarding either the affidavits or deposition testimony. *See generally Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986); *Lane v. Celotex Corp.*, 782 F.2d 1526, 1532–33 (11th Cir.1986); *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir.1980); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738, at 473–74 (2d ed. 1983).[4]

---

**4.** To support his position that these affidavits should not have been considered by the district court, Dunavant also cites *Camfield Tires v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983). In *Camfield*, we held that a non-mov-

ant could not create an issue of fact to defeat a motion for summary judgment by simply contradicting himself with an affidavit after his deposition. *Id.* In so holding, however, we considered the non-movant's affidavit. *Id.* Ac-

Further, we see no merit in Dunavant's argument that these inconsistencies create an issue of fact sufficient to prevent summary judgment. Mere allegations and conclusory statements that a witness is not credible are insufficient to preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986); *see, e.g., In re Citizens Loan & Sav. Co.,* 621 F.2d 911, 913 (8th Cir.1980). "Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. Dunavant has not presented such evidence, and has therefore failed to establish an issue of fact.

### III.

Accordingly, we affirm the order of the district court granting defendants summary judgment.

HEANEY, Senior Circuit Judge, dissenting.

I dissent for the reasons stated in my dissenting opinion in *Iron Eyes v. Henry,* 907 F.2d 810 (8th Cir.1990), and Judge Arnold's dissenting opinion in *Hill v. Blackwell,* 774 F.2d 338, 348–49 (8th Cir.1985). We must not abandon our duty to scrutinize for exaggeration the asserted justifications of prison officials for their regulations.

cordingly, in light of the different factual situations and the actual holding of *Camfield,* we are not persuaded by Dunavant's argument.