**Stephen James Earl KEMP, Appellant,**

v.

**Dick MOORE, George A. Lombardi, Steven D. Long, Denis Dowd, Charles E. Harris, Joseph Rosenberg, Appellees.**

No. 90–2903.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1991.

Decided Oct. 7, 1991.

Donald Wolff, Clayton, Mo., argued (Glenn Moller, St. Louis, Mo., on the brief), for appellant.

Erwin Switzer, St. Louis, Mo., for appellees.

Before ARNOLD and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Kemp, a member of the Chickasaw Indian Nation, is imprisoned at the Farmington Correctional Center in Missouri. He follows the religious tenets and practices of the Native American religion embraced by the Chickasaws. One practice involves the wearing of long hair. A sweat lodge is also used in some religious ceremonies.

Kemp sought an injunction in the district court to prohibit Missouri prison officials from enforcing a regulation that requires the hair to be cut to collar length. He also requested an order forcing the construction of a sweat lodge. In addition, Kemp claimed the right to money damages.

The district court granted summary judgment in favor of the defendants and dismissed the complaint. The court cited *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 2261–63, 96 L.Ed.2d 64 (1987); *Iron Eyes v. Dowd*, 907 F.2d 810 (8th Cir. 1990) and *Dunavant v. Moore*, 907 F.2d 77 (8th Cir.1990) as controlling law in this circuit.

We agree that these cases require the result ordered by the district court. There would be no precedential value in discussing them at length in this opinion. We, accordingly, affirm on the basis of the well-reasoned opinion of the district court. *See* 8th Cir.R. 47B.

HEANEY, Senior Circuit Judge, concurring.

I concur only because our opinion in *Iron Eyes v. Dowd*, 907 F.2d 810 (8th Cir.1990),

leaves me no other alternative. I continue to believe that our opinion in *Iron Eyes* was not required by *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

This case is even stronger than *Iron Eyes*. Here, Stephen Kemp, a member of the Chickasaw Indian Nation, was permitted to wear his hair long at the Missouri State Penitentiary. It was only after he was transferred to the Farmington Correctional Center that the director of that facility told Kemp that he had to have his hair cut. No rational reason has been advanced as to why it was permissible to wear long hair in the Missouri State Penitentiary but not at the Farmington Correctional Center, even though the former is a more secure prison than the latter.

This case smacks of harassment and religious persecution to me. *See generally,* John Rhodes, *An American Tradition: The Religious Persecution of Native Americans,* 52 Mont.L.Rev. 13 (1991). The sooner our court en banc considers this question and resolves to do away with the penological myth that the director of this institution perpetuates, the better.