**Steve CAMPBELL, Appellant,**

v.

**James PURKETT; George Lombardi, Appellees.**

**No. 90–3080.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Feb. 20, 1992.

Rehearing and Rehearing En Banc Denied March 25, 1992.

Howard B. Eisenberg, Carbondale, Ill., argued and on brief (Frank P. James, on brief), for appellant.

Priscilla F. Gunn, St. Louis, Mo., argued, for appellees.

Before BOWMAN and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

PER CURIAM.

■ Steve Campbell, an inmate at the Farmington Correctional Center (FCC) in Missouri, filed this lawsuit pursuant to 42 U.S.C. § 1983. Campbell alleges that the FCC's grooming regulation for prisoners, which prohibits "long hair," violates his constitutional right to freely exercise his religious beliefs because as a follower of

the Nazarite religion it is forbidden that he should cut his hair. Campbell also argues that the regulation violates the Equal Protection Clause of the United States Constitution because it does not apply to female prisoners of the Missouri Department of Corrections or to male prisoners residing in "honor centers or halfway houses." Furthermore, in a motion to disqualify counsel, Campbell also claims that the Missouri Attorney General's appointment of attorneys in private law firms to act as "special assistant attorneys general" in defending prisoner civil rights cases is in violation of state and federal law, including in particular the Supremacy Clause of the United States Constitution.

On November 14, 1990, the district court entered a judgment and order denying Campbell's motion and dismissing his complaint. The district court noted that the FCC grooming regulation challenged by Campbell is nearly identical to the FCC grooming regulation upheld in *Iron Eyes v. Henry,* 907 F.2d 810 (8th Cir.1990).[1] Thus, the district court followed our holding in *Iron Eyes* and dismissed Campbell's complaint for failing to state a claim upon which relief could be granted. *See Campbell v. Purkett,* No. 90–1381–C(4), Memorandum at 5 (E.D.Mo. Nov. 14, 1990). Regarding Campbell's motion to disqualify counsel, the district court ruled that Campbell did not have standing to bring the motion. *Id.*

■ On appeal, Campbell essentially argues two points with respect to the grooming regulation. First, he argues that we should reconsider and overrule our decision in *Iron Eyes.* We have no authority, however, to do this. "[O]ne panel of this Court is not at liberty to overrule an opinion filed by another panel. Only the Court en banc may take such a step." *Brown v. First Nat'l Bank in Lenox,* 844 F.2d 580, 582

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The only significant difference between the regulation challenged by Campbell and the regulation at issue in *Iron Eyes* is that the former does not contain an exception for Native Americans. *See Iron Eyes,* 907 F.2d at 811 n. 3. This exception was removed by the FCC after *Iron Eyes* was submitted to our court. In Campbell's case, the district court held that this change did "not affect the analysis set forth in *Iron Eyes.*" *Campbell v. Purkett,* No. 90–1381–C(4) Memorandum at 5 (E.D.Mo. Nov. 14, 1990).

(8th Cir.), *cert. denied,* 487 U.S. 1260, 109 S.Ct. 20, 101 L.Ed.2d 971 (1988). Second, Campbell argues that the district court improperly dismissed his complaint because it failed to address his claim that the FCC grooming regulation violates the Equal Protection Clause of the Constitution. Farmington's regulation, however, survives an equal protection challenge for the same reason it survived the challenge in *Iron Eyes.* The prison's grooming regulation is " 'reasonably related to legitimate penological interests.' " *Iron Eyes,* 907 F.2d at 813 (quoting *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987)).

Finally, with respect to the district court's decision that Campbell does not have standing to bring a motion to disqualify counsel, Campbell acknowledges in a letter filed pursuant to Fed.R.App.P. 28(j) that our court resolved this issue in *O'Connor v. Jones,* 946 F.2d 1395 (8th Cir.1991), which was decided after Campbell submitted his brief. Because Campbell's case is indistinguishable from *O'Connor,* we uphold the district court's decision that Campbell has no standing.

Having considered all the issues and arguments raised by the parties, we affirm the judgment of the district court.