972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith BROWN-EL, Appellant,
v.
Brian ALLEN; Fred Johnson; Margie Fasha; Debbie Hollman;
Dick Moore; George Lombardi; Paul Delo; Larry Scott;
Michael Bowersox; Stephen Jennings; Leland Mills; Sharon
Perkins; Donald Roper; Linda Wilkson, Appellees.
 No. 90-2363.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1992.
Filed: July 10, 1992.
 
 Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Keith Brown-El appeals from a district court order dismissing his 42 U.S.C. § 1983 complaint against several prison officials. Brown-El challenges the Missouri Department of Corrections' grooming policy as violative of his First Amendment rights. We affirm in part, and reverse and remand in part, with instructions.
 
 
 2
 Brown-El, a member of the Moorish Science Temple of America, filed a complaint alleging that, in February 1990, a correctional officer gave him a conduct violation for refusing to get a haircut. At his disciplinary hearing, Brown-El argued that cutting his hair was not permitted according to the tenets of his religion and thus, would violate his First Amendment rights. Brown-El was found guilty, and was given a ten-day room restriction and a recommendation for a reduction in classification status. Brown-El sought injunctive relief and monetary damages against the correctional officer, the disciplinary committee, and other prison officials Brown-El claimed had knowledge of this incident, but who took no action to prevent it.
 
 
 3
 Brown-El amended and supplemented his complaint, alleging that he received three more conduct violations, additional punishments, and a further reduction in his custody status by the classification committee for his refusal to have his hair cut. Brown-El claimed that the same correctional officer ordered one of the conduct violations to be placed against him, reviewed the disciplinary committee's findings, and participated in the classification decision. Brown-El further asserted that the electric clippers used to cut hair nick the skin, creating a potential health risk of contracting AIDS. He alleged that in May 1990, virtually all of his hair was forcibly cut off. Brown-El also asserted that, during the time he spent in administrative segregation, he was denied access to the courts.
 
 
 4
 The district court granted defendants' motion to dismiss, concluding that the hair length regulation was rationally related to legitimate security interests absent an allegation that the regulations were enforced discriminatorily, and thus, did not violate Brown-El's constitutional rights. The district court dismissed Brown-El's pending motion for a preliminary injunction as moot.
 
 
 5
 Brown-El now argues that the district court erred in dismissing his complaint because there was substantial evidence that the regulation was an exaggerated response to a legitimate security concern, and the court erred in failing to rule on his Eighth Amendment and due process claims.
 
 
 6
 This court has upheld prison grooming regulations. See Kemp v. Moore, 946 F.2d 588 (8th Cir. 1991) (per curiam), cert. denied, 60 U.S.L.W. 3780 (U.S. May 18, 1992) (No. 91-7181); Iron Eyes v. Henry, 907 F.2d 810, 816 (8th Cir. 1990); Dunavant v. Moore, 907 F.2d 77, 79 (8th Cir. 1990); Hill v. Blackwell, 774 F.2d 338, 344 (8th Cir. 1985). Brown-El has not presented any facts which would entitle him to relief on his First Amendment claim.
 
 
 7
 We have reviewed Brown-El's claim that haircutting exposed him to the risk of contracting AIDS and conclude that he did not present a basis in fact for this claim. In addition, Brown-El did not allege he suffered any harm when his hair was forcibly cut. Thus, the claim is legally frivolous. There remains, however, a factual dispute as to whether the same correctional officer ordered the conduct violation and then reviewed the disciplinary committee's findings. The district court did not address this issue. Accordingly, we reverse and remand this claim to the district court with instructions to dismiss it without prejudice. Cf. Malek v. Camp, 822 F.2d 812, 817 (8th Cir. 1987). Because Brown-El's other claims in this case are without merit, we affirm in all other respects.
 
 
 8
 HEANEY, Senior Circuit Judge, concurring.
 
 
 9
 I concur only because I am bound by our decision in Iron Eyes v. Henry, 907 F.2d 810 (8th Cir. 1990), and those cases which follow. Like the prisoner in Kemp v. Moore, 946 F.2d 588 (8th Cir. 1991), Brown-El asserted that he was permitted to wear his hair long for thirteen years before his hair was forcibly cut. I am also bothered by the force employed here by the prison officials in cutting his hair. I await the day when our court considers this question en banc.