978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gerald HOLMES, Appellant,
v.
Janet SCHNEIDER; Paul Caspari; Larry Bogan; Janet Vogel;
Harold Fisher; Carmen McKay; Olivia Rexroat, Appellees.
 No. 92-1451.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1992.
Filed: November 6, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald Holmes appeals from the district court's[1] order granting summary judgment against him in his 42 U.S.C. § 1983 action against various employees at Missouri Eastern Correctional Center (MECC). We affirm.
 
 
 2
 Holmes, an MECC inmate, is a member of the Blackfeet Tribe. One practice of his religion is the wearing of long hair. MECC's grooming regulation prohibits inmates from wearing their hair longer than the base of the shirt collar. A prior version of the regulation had permitted Native American inmates to request an exemption; this exemption procedure was abolished prior to Holmes's transfer to MECC. In this action, Holmes claimed that defendants violated his First Amendment right to freely exercise his religious beliefs by forcing him to cut his hair, and that they violated his due process rights by ignoring his request for an exemption from the hair-length requirement.
 
 
 3
 The magistrate judge recommended granting summary judgment in favor of defendants. He concluded that defendants had not violated Holmes's due process rights, because the applicable regulation did not contain an exemption. The magistrate judge assumed Holmes's belief that he should not cut his hair was a sincere religious one, but concluded that the regulation was constitutional under the factors developed by the Supreme Court in Turner v. Safley, 482 U.S. 78, 89-91 (1987), for determining the reasonableness of prison regulations that impinge upon inmates' constitutional rights. The magistrate judge also concluded defendants had complied with all MECC procedures and were entitled to qualified immunity. The magistrate judge declined to address a claim Holmes made in the course of responding to defendants' motion for summary judgment-that defendants had improperly failed to notify him of the new regulation-because Holmes's complaint had not alleged or contemplated such a claim. The district court adopted the magistrate judge's recommendation over Holmes's objections and denied Holmes's motion to amend his complaint to state a failure-to-notify claim, concluding Holmes had failed to make a sufficient showing of any element essential to that claim. Holmes appealed.
 
 
 4
 Summary judgment is properly granted if " 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " United Tel. Co. v. Johnson Publishing Co., 855 F.2d 604, 607 (8th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). This court reviews the district court's determination on summary judgment de novo. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). In Iron Eyes v. Henry, 907 F.2d 810, 816 (8th Cir. 1990), applying the Turner factors, we upheld a prison regulation prohibiting inmates from wearing long hair. Although the regulation in Iron Eyes contained an exemption procedure for Native Americans, we have since affirmed the dismissal of inmate challenges to prison hair-length regulations that did not contain the exemption. Campbell v. Purkett, 957 F.2d 535, 536 n.1 & 537 (8th Cir. 1992) (per curiam); Kemp v. Moore, 946 F.2d 588 (8th Cir. 1991) (per curiam), cert. denied, 112 S. Ct. 1958 (1992); see also Dunavant v. Moore, 907 F.2d 77, 79 (8th Cir. 1990) (upholding prison regulation on beard length with no exemption).
 
 
 5
 We agree with the district court that defendants did not violate Holmes's due process rights by refusing to entertain his request for an exemption. After carefully reviewing the district court's application of the four Turner factors in this case, we also agree that Holmes presented no issue of material fact regarding the regulation's constitutionality as applied to him. Because we agree with the district court that summary judgment was appropriate on Holmes's claims that defendants violated his rights by ignoring his petition and by enforcing the regulation against him, we need not discuss the issue of qualified immunity or the issue-raised but not addressed below-of whether Holmes stated a claim against two defendants. Having reviewed Holmes's remaining arguments, we reject them as meritless or not properly before us.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri, now retired, adopting the report and recommendation of The HONORABLE ROBERT D. KINGSLAND, United States Magistrate Judge for the Eastern District of Missouri