142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmund M. ABORDO, Plaintiff-Appellant,
v.
STATE OF HAWAII; Department of Public Safety, Corrections
Division, U.T.MS & C.MS; Nalani Ching; R. Mellow, Aco; R.
Tenn, Sgt.; Dunnaway, Aco; T. Palau, Aco; Guy Hall,
Administrator; John Smyth; Former Prison Administrator;
George W. Sumner, Director of Public Safety, and all entitys
involved with the enforcing and the making of such rule,
Defendants-Appellees.
American Civil Liberties Union of Hawaii, Amicus,
United States of America, Intervenor.
 No. 96-16511.
DC No. CV-94-00514-ACK.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 11, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the District of Hawaii Alan C. Kay, District Judge, Presiding.
 
 
 2
 Before CANBY and KOZINSKI, Circuit JJ, and WEINER,*** District Judge
 
 
 3
 MEMORANDUM*
 
 
 4
 Hawaii state prisoner Edmund M. Abordo appeals the district court's summary judgment dismissing his 42 U.S.C. § 1983 claim. Abordo challenged the grooming policy at the Halawa Correctional Facility as a violation of his rights under the Free Exercise Clause and the Equal Protection Clause. He also contends that the district court failed to provide him with notice of the requirements of Fed.R .Civ.P. 56 before granting the defendants' motion for summary judgment. See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). We review de novo, Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997), and affirm.
 
 I.
 
 5
 Abordo asserted that the wearing of long hair was religiously significant to him, and that the prison's ban of long hair therefore violated his right to the free exercise of religion. Uncontradicted declarations of Hawaii prison officials stated that the grooming policy prohibited long hair because, among other reasons, inmates have concealed contraband and weapons within long hair. This court has previously concluded that similar penological interests justified a restrictive prison grooming policy in spite of inmates' religiously motivated objections. See Friedman v. State of Arizona, 912 F.2d 328, 331-33 (9th Cir.1990); accord Scott v. Mississippi Dept. of Corrections, 961 F.2d 77, 80-81 (5th Cir.1992); Hall v. Bellmon, 935 F.2d 1106, 1114 (10th Cir.1991); Iron Eyes v. Henry, 907 F.2d 810, 813-14 (8th Cir.1990). We reach the same conclusion here: the prison's ban of long hair was constitutionally permissible because it was reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).[1]
 
 II.
 
 6
 Abordo complained that prison officials violated his right to equal protection because they permitted female inmates at other prisons to wear long hair. An uncontradicted declaration of a prison official stated that the inmates at the female prison were incarcerated primarily for non-violent offenses and had presented no instances of manufacturing or concealing weapons. The women's prison thus did not present the same security concerns that motivated the grooming policy in the men's prison. The two prison populations therefore were not similarly situated, and there was no equal protection violation. See id.; see also Campbell v. Purkett, 957 F.2d 535, 536-37 (8th Cir.1992).
 
 
 7
 Abordo's claim that prison officials discriminated between classes of male prisoners is equally unsupported. Abordo offered no evidence to controvert the defense evidence that the ban on long hair was uniformly applied to inmates at the Halawa facility. The fact that Muslim inmates were allowed to wear beards did not constitute discriminatory enforcement of prison policies. The prison's rules permitted inmates to wear short beards, and Abordo did not allege that prison officials prevented him from wearing a beard. Abordo has not raised a triable issue of disparate treatment.
 
 III.
 
 8
 Before granting the defendants' motion for summary judgment, the district court initially failed to provide Abordo with notice of the requirements of Fed.R.Civ.P. 56, as required by Klingele, 849 F.2d at 411-12. The district court cured its error, however, by reopening the motion and providing the required notice. Abordo was given the opportunity to present additional evidence. Abordo has been afforded all of the relief to which he was entitled under Klingele.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 * The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The district court applied the "compelling state interest" standard as set forth in the Religious Freedom Restoration Act of 1993 ("RFRA"), 107 Stat. 1488, 42 U.S.C. § 2000bb et seq. After the district court entered its judgment, the Supreme Court invalidated RFRA as an act in excess of Congress' authority under § 5 of the Fourteenth Amendment. See City of Boerne v. P.F. Flores, --- U.S. ----, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). As a result, we now apply the reasonableness test to prison regulations challenged on free exercise grounds. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997)