# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1679

_____

| | | |
|---|---|---|
| Margaret Mary Martin, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| City of Brentwood, Missouri, | * | **[TO BE PUBLISHED]** |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  December 16, 1999

Filed:  January 28, 2000

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and WEBB,* District
Judge.

_____

PER CURIAM.

This is an action under 42 U.S.C. § 1983 arising out of Mary Margaret Martin's
difficulties in obtaining a liquor license from the City of Brentwood, Missouri, for a
new bar and restaurant.  A City ordinance requires the applicant to file petitions signed
by registered voters and licensed businesses located within five hundred feet of the
proposed establishment.  Ms. Martin alleges that City officials declined to identify the

_____

*The HONORABLE RODNEY S. WEBB, Chief Judge of the United States
District Court for the District of North Dakota, sitting by designation.

applicable registered voters, changed the five-hundred-foot boundaries after she submitted an initial petition, and changed the required signatures from a majority to all licensed businesses within the five-hundred-foot radius. This last requirement was particularly onerous because the owner of a business located next to her proposed establishment had publicly announced his opposition. Matters came to a head in August 1997 when the City's Excise Commissioner ruled that Ms. Martin would have to submit new petitions, citing registered voter confusion after she changed the nature of her proposed restaurant. Ms. Martin commenced this action alleging that the City's arbitrary handling of the license application violated her federal right to substantive due process, and that the City violated her federal right to equal protection of the laws by imposing more stringent petition requirements on her than it imposed on two earlier male applicants. The district court[1] granted summary judgment for the City, and Ms. Martin appeals.

We conclude that Ms. Martin's claims fail as a matter of law for three reasons. First, we have repeatedly taken a very restrictive view as to when state and local land use planning, zoning, and licensing decisions violate an aggrieved party's federal right to substantive due process. See, e.g., Bituminous Materials, Inc. v. Rice County, 126 F.3d 1068, 1070-71 (8th Cir. 1997). Ms. Martin alleges that the City acted arbitrarily and capriciously in enforcing its licensing ordinance, but to prevail on a substantive due process claim, "the plaintiff must allege something more than that the government decision was arbitrary, capricious, or in violation of state law." Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992). Second, Ms. Martin's equal protection claim is likewise deficient. She alleges gender discrimination, which is invidious, but her supporting evidence consists only of the City's allegedly different treatment of two earlier male license applicants. Unequal treatment is not enough absent proof "of an unlawful intent to discriminate against the

---

[1]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri.

plaintiff for an invalid reason." Batra v. Board of Regents of the Univ. of Neb., 79 F.3d 717, 721 (8th Cir. 1996). Here, the City supported its motion for summary judgment with strong evidence that the two male applicants were not similarly situated. Even more significantly, Ms. Martin presented no evidence of intentional gender discrimination other than supposed differences in the City's handling of two unrelated license applications in which the applicants happened to be male. Third, as the district court noted, Ms. Martin's license application was not formally denied; she was simply required to submit new petitions. Thus, it is difficult to see how the City's actions have caused her constitutional injury.

Local licensing procedures are frequently fraught with delay and frustration, but they are a fundamentally local governmental process. We can sympathize with Ms. Martin's frustrations -- whatever their causes -- but for the foregoing reasons we must affirm the judgment of the district court dismissing her § 1983 claims.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.