# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1970

_____

John Kellensworth, Individually and     *
on behalf of other similarly situated     *
inmates,     *
    *
         Appellant,     *
    *   Appeal from the United States
     v.     *   District Court for the
    *   Eastern District of Arkansas.
Larry Norris, Director of the Arkansas     *
Department of Correction; M. D. Reed,     *   [UNPUBLISHED]
Warden, Cummins Unit, Arkansas     *
Department of Correction; Paula     *
Pumphrey, Director, Arkansas     *
Department of Community Punishment     *
(originally sued as Paula Humphrey),     *
    *
         Appellees.     *

_____

Submitted: May 9, 2000
Filed: May 18, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

John Kellensworth, an Arkansas prisoner, appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action. Kellensworth, who took the vow of the Nazarite, claimed that a prison grooming policy infringed the exercise of his religious beliefs by forcing him to cut his hair.

On appeal, Kellensworth first argues that the policy violates his right to exercise his religion, and that defendants failed to prove the validity of their reasons for enacting the policy. We conclude that the policy does not violate Kellensworth's right to freedom of religion. See Campbell v. Purkett, 957 F.2d 535, 536-37 (8th Cir. 1992) (per curiam). Defendants adequately advanced valid penological reasons for enacting the policy--to prevent inmates from concealing contraband in their hair or beards, or from changing their appearances to thwart identification by prison officials--although they did not identify particular incidents giving rise to their concerns. See Iron Eyes v. Henry, 907 F.2d 810, 814 (8th Cir. 1990).

Next, Kellensworth argues that the policy was enacted arbitrarily, capriciously, and in violation of Arkansas law. This is insufficient to state a claim that his right to due process was violated. See Martin v. City of Brentwood, 200 F.3d 1205, 1206 (8th Cir. 2000) (per curiam). Finally, Kellensworth raises claims relating to a 1979 consent decree regarding grooming policies entered into by Arkansas inmates and the Arkansas Department of Correction. A consent decree cannot, however, be enforced through a section 1983 action. See DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990).

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.