# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2096

_____

Delk Construction Company, Inc.,      *
     *
     Plaintiff - Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Arkansas.
Leo George Munford, Jr.,      *
     *    **[UNPUBLISHED]**
     Defendant - Appellee.      *

_____

Submitted:  January 12, 2001

Filed:  February 16, 2001

_____

Before LOKEN and HEANEY, Circuit Judges, and BATAILLON,* District Judge.

_____

PER CURIAM.

The Arkansas State Building Services agency (SBS) solicited bids for a construction project, Phase One of the University of Arkansas Community College at Batesville.  Matson, Inc., submitted the low bid of $1,687,000.  Leo George Munford, Jr., Director of SBS's Construction Section, rejected that bid because it did not comply with the Project Manual requirement that the roofing subcontractor, Snyder Roofing,

_____

*The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska, sitting by designation.

have an Approved Applicator's Certificate either on file with SBS or accompanying the bid. That made Delk Construction Company the apparent lowest responsible bidder at $1,732,144, an amount that was above the $1,725,000 appropriated for the project. After the College complained that the low bid should not be rejected, Munford waived the Matson bid defect as a "procedural formality," and SBS awarded the contract to Matson. Delk then commenced this action against Munford under 42 U.S.C. § 1983. After trial, Delk's substantive due process claim was submitted to a jury, which found "that Munford's failure to award Delk the contract was truly irrational or shocks the conscience" and awarded damages of $90,000. The district court[1] granted Munford judgment as a matter of law, and Delk appeals. We affirm.

"[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quotation omitted). To prevail on such a claim, "the plaintiff must allege something more than that the government decision was arbitrary, capricious, or in violation of state law." Martin v. City of Brentwood, 200 F.3d 1205, 1206 (8th Cir. 2000) (quotation omitted). Here, the relevant statute permits the contracting authority to reject all bids and to waive any formalities, and provides that the contract shall be awarded to the lowest responsible bidder "only if it is the opinion of the authority that the best interests of the taxing unit would be served thereby." ARK. CODE ANN. §§ 22-9-203(c)(1)(F) and (d).

The College wanted the contract awarded to Matson, whose bid was within the project appropriation and some $45,000 less than Delk's. Snyder Roofing in fact had an Approved Applicator's Certificate, and at least one other bidder submitted a copy, though Matson did not. In these circumstances, it was not arbitrary or irrational for

---

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

Munford to conclude that the missing certificate was a formality that could be waived, and that the best interests of the College would be served by awarding the contract to the lowest bidder, Matson.  Thus, Munford's decision does not even come close  to transgressing the conscience-shocking substantive due process standard.  Indeed, we strongly suspect it did not violate state law.  See Conway Corp. v. Construction Eng'rs, Inc., 782 S.W.2d 36 (Ark. 1989).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.