# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1877EA

_____

Avery D. Williams,                              *
                                                *
            Appellant,                          *
                                                *
      v.                                        *  On Appeal from the United
                                                *  States District Court
Larry Norris, Director, Arkansas                *  for the Eastern District
Department of Correction; Perry,                *  of Arkansas.
Major, Chief of Security, North                 *
Central Unit; Steve Lively, Disciplinary        *  [Not To Be Published]
Hearing Officer, North Central Unit;            *
Larry May, Warden/Center Supervisor,            *
North Central Unit; David Guntharp,             *
Grievance Administrator, Central                *
Office.                                         *
                                                *
            Appellees.                          *

_____

Submitted: April 3, 2001
Filed: April 11, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
      Circuit Judges.

_____

PER CURIAM.

Avery D. Williams, an Arkansas inmate, appeals from the District Court's[1] dismissal of his action brought under 42 U.S.C. § 1983 and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§2000bb-2000bb-4. Williams, a Rastafarian who wishes to wear his hair in dreadlocks, claimed an Arkansas Department of Correction grooming policy violated his First Amendment free exercise rights. After de novo review, see Cooper v. Schriro, 189 F. 3d 781, 783 (8th Cir. 1999) (per curiam), we affirm.

A plaintiff may no longer look to RFRA in free exercise claims, as RFRA has been declared unconstitutional. See City of Boerne v. Flores, 521 U.S. 507, 532-36 (1997). Dismissal of Williams's free exercise claim also was proper. This Court has repeatedly rejected similar First Amendment challenges to prison grooming regulations, see Hamilton v. Schriro, 74 F.3d 1545, 1550-51 (8th Cir.), cert. denied, 519 U.S. 874 (1996); Campbell v. Purkett, 957 F.2d 535, 536-37 (8th Cir. 1992) (per curiam); Dunavant v. Moore, 907 F.2d 77, 79 (8th Cir. 1990), and Williams's complaint did not allege any facts that would distinguish this case from the line of cases upholding hair-length restrictions, see, e.g., Iron Eyes v. Henry, 907 F.2d 810, 814 (8th Cir. 1990) (preventing prisoners from concealing contraband and avoiding confusion in prisoner identification are valid penological interests rationally related to policy, although contraband had never been found in any inmate's hair, and it was difficult to credit identification fears in light of prison's failure to photograph inmates systematically).

We also conclude Williams did not show circumstances warranting the Magistrate Judge's recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). Williams further raises

---

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

claims and evidence not before the District Court, which we decline to consider.  See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.) (except for showing of manifest injustice, this Court will not consider claims raised for the first time on appeal), cert. denied, 471 U.S. 1126 (1985).

Accordingly, we affirm.  We deny all of Williams's pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.