**Chester A. BETTIS, Appellant,**

**v.**

**Paul DELO, Superintendent; Don Roper, Assistant Superintendent, Programs, PCC, Appellees.**

No. 93–1025.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 23, 1993.

Decided Jan. 10, 1994.

Chester A. Bettis, pro se.

John F. Cooney, St. Louis, MO, for appellees.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Chester A. Bettis, a Native American and a Missouri inmate previously incarcerated at Farmington Correctional Center (FCC) and Potosi Correctional Center (PCC) and now incarcerated at Jefferson City Correctional Center (JCCC), appeals the district court's grant of summary judgment in favor of defendants in this 42 U.S.C. § 1983 action. We affirm.

Bettis filed this action against Paul Delo, PCC Superintendent; Don Roper, PCC Assistant Superintendent; and Miles Finklestein, General Counsel for the Missouri Department of Corrections,[1] alleging that they violated his First Amendment right to practice his sincerely held religious beliefs by forcing him to cut his hair and by prohibiting him from attending religious services, from smudging, and from possessing his ceremonial pipe, medicine bag, eagle claw, and altar stones. Bettis alleged that neither the denial of his rights to practice his religion nor defendants' desire to cut his hair were related to a compelling governmental interest. Bettis requested a jury trial, and sought injunctive and declaratory relief, and damages.

The district court granted summary judgment to the defendants, concluding that Bettis's complaints were meritless because "the grooming regulation and the restrictions upon [Bettis's] possession of religious articles that resulted from his confinement in administrative segregation were ... related to a legitimate penological objective and that these limitations are reasonably related to maintaining the safety and security of the institution." The district court found that Bettis's requests for injunctive and declaratory relief should be denied as moot because he was no longer incarcerated at PCC.

Bettis now argues that summary judgment was improper and that he was denied effective assistance of counsel. Bettis also argues that defendants' actions violate 42 U.S.C.

§§ 1996–97, and that this court should prohibit defendants or prison barbers from cutting his hair because they are not licensed barbers under Mo.Rev.Stat. § 328.

■ This court reviews de novo a district court's grant of summary judgment. *See United States ex. rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir.1992). After carefully reviewing the record, we conclude that the district court correctly granted summary judgment on Bettis's hair claim. *See Iron Eyes v. Henry,* 907 F.2d 810, 816 (8th Cir.1990) (Missouri prison hair-grooming regulation does not unconstitutionally infringe on prisoners' free-exercise rights); *see also Sours v. Long,* 978 F.2d 1086, 1087 (8th Cir.1992) (per curiam); *Campbell v. Purkett,* 957 F.2d 535 (8th Cir.1992); *Kemp v. Moore,* 946 F.2d 588 (8th Cir.1991) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 1958, 118 L.Ed.2d 560 (1992). In fact, we have previously rejected another challenge by Bettis to the grooming regulation. *See Bettis v. Dowd,* No. 91–1210, slip op. at 1 (8th Cir. Mar. 1, 1991) (unpublished per curiam). We are bound to follow these decisions. *Brown v. First Nat'l Bank in Lenox,* 844 F.2d 580, 582 (8th Cir.), *cert. denied,* 487 U.S. 1260, 109 S.Ct. 20, 101 L.Ed.2d 971 (1988).

■ We also find convincing defendants' arguments that the regulations prohibiting ceremonial pipes, medicine bags, eagle claws, and altar stones in ad-seg were necessary because of increased security risks. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987) ("prison regulation that impinges on inmates' constitutional rights ... is valid if it is reasonably related to legitimate penological interest"); *see also, Mark v. Nix,* 983 F.2d 138, 139 (8th Cir.1993) (per curiam) (confiscation of rosary with hard plastic crucifix did not violate religious rights).

■ We conclude that the record lacks sufficient detail for us to determine whether defendants' prohibitions on smudging are reasonable. Bettis, however, had the obligation to "detail what the practice of his Native American religion requires." *Holloway v. Pigman,* 884 F.2d 365, 367 (8th Cir.

1. Later, Bettis voluntarily dismissed Finklestein.

1989). "[G]iven the scant and conclusory allegations in [his] complaint," we find no error in the district court's grant of summary judgment. *Id.*

 We do not consider Bettis's ineffective assistance claim because he was not constitutionally entitled to representation. *See Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir.1988). We do not consider Bettis's other arguments because he did not raise them properly below.

Accordingly, the judgment of the district court is affirmed.