50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael WAYNE, Appellant,
v.
Orville PUNG, Commissioner of Corrections; Dennis Benson,
Warden for Stillwater Prison; Deborah Schadegg, Disciplinary
Hearing Board; James Ryan, Disciplinary Hearing Board
Member; Marty McHugh, Disciplinary Investigator; Robert L.
Aufderhar, Disciplinary Prosecutor; Joan Wheeler, Officer
for Stillwater Prison, Appellees.
 No. 94-3255.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 14, 1995.
Filed: Mar. 17, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Wayne, a Minnesota inmate, appeals from the District Court's[1] order granting defendant prison officials summary judgment and dismissing his 42 U.S.C. Sec. 1983 (1988) complaint pursuant to Federal Rule of Civil Procedure 41(b). We affirm.
 
 
 2
 After prison officials allegedly did not return Wayne's personal clothing to him upon his release from the segregation unit (where he had worn prison-issued clothes), he submitted a property claim seeking $32.00, the estimated value of his clothing. A correctional officer investigated Wayne's claim, obtained information that Wayne had signed a segregation unit form acknowledging the return of his clothing, and issued Wayne a conduct violation for misrepresentation. At the disciplinary hearing, Wayne was represented by counsel and testified on his own behalf, disputing that the signature on the form was his. Relying on the correctional officer's testimony and a copy of the form admitted into evidence, the disciplinary hearing officers found Wayne guilty. Wayne's administrative appeals were denied.
 
 
 3
 Wayne then filed the present action, claiming defendants violated his constitutional rights when they disciplined him for filing a false property claim. Defendants moved for summary judgment, supporting their motion with, inter alia, the affidavit of one of the hearing officers and a copy of the form in question. The magistrate judge subsequently issued an order noting that Wayne had failed to respond to defendants' motion, directing Wayne to respond to the motion within a month, and denying Wayne's previously filed motion for appointment of counsel and his motion to compel discovery. Within two weeks, Wayne filed a document in which he objected to the magistrate judge's denial of his motions and added a request "that this also be a response" to the summary judgment motion, which motion "should not be granted." The District Court affirmed the magistrate judge's denial of Wayne's motions.
 
 
 4
 The magistrate judge found, in the absence of any additional filing by Wayne, that he had failed to comply with the order directing him to respond to defendants' summary judgment motion and had failed to comply with the requirements of Federal Rule of Civil Procedure 56. Thus the magistrate judge recommended that the court grant the motion pursuant to Rule 56(e) and dismiss Wayne's complaint for failure to prosecute. The District Court conducted a de novo review, granted defendants summary judgment, and dismissed the complaint pursuant to Rule 41(b).
 
 
 5
 We first reject Wayne's argument that the District Court abused its discretion in denying his motion for appointment of counsel. See Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994) (noting that inmate was not constitutionally entitled to counsel in Sec. 1983 case); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors court should consider when addressing motion), cert. denied, 112 S. Ct. 1995 (1992).
 
 
 6
 Second, reviewing the grant of summary judgment de novo, Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994), we conclude summary judgment was proper because Wayne failed to respond adequately to defendants' motion and defendants demonstrated that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), (e). As to Wayne's due process and Eighth Amendment claims, the record reveals that there was some evidence supporting the disciplinary determination. See Superintendent v. Hill, 472 U.S. 445, 454-56 (1985) (holding that due process requirements met if any evidence supports actions of prison official); Goff v. Dailey, 991 F.2d 1437, 1440 (8th Cir.) (same), cert. denied, 114 S. Ct. 564 (1993). Wayne's allegations failed to state a First or Fourth Amendment claim. Because summary judgment was proper, we do not address the propriety of the Rule 41(b) dismissal. See United States v. Abadia, 949 F.2d 956, 958 n.12 (8th Cir. 1991) (noting that court may affirm on any basis supported by record), cert. denied, 112 S. Ct. 1510 (1992). Finally, we deny Wayne's motion for appointment of counsel on appeal.
 
 
 7
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota