62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dana IVEY; Earnest Lee Langston, Appellants,
v.
John ASHCROFT; Thomas M. Fischer; William J. Hinson;
Donald Cline; Gerald Bommel; Dave Dormire, Appellees.
 No. 94-3358.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 28, 1995.
Filed: Aug. 16, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dana Ivey and Earnest Lee Langston appeal the district court's[1] grant of summary judgment to defendants in their 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In their complaint, plaintiffs, inmates at the Jefferson City Correctional Center, alleged that their due process rights were violated because they were found guilty of conduct violations based solely on reporting officers' statements and in violation of prison policies and regulations, they were placed in administrative segregation (ad seg) for lengthy periods for non-serious violations, and they were not given adequate procedural reviews while in ad seg. Plaintiffs also alleged that "there was a glaring disparity" between the number of African-American inmates in ad seg when compared to the general prison population. Ivey alleged that his First Amendment rights were violated when defendants confiscated from his incoming mail an issue of the publication "Love and Rage," and that defendants denied him the opportunity to appeal the decision.[2]
 
 
 3
 After reviewing the record de novo, see Bettis v. Delo, 14 F.3d 22, 23 (8th Cir.1994), we conclude summary judgment was proper on plaintiffs' due process claims. Defendants presented evidence, which plaintiffs did not rebut, showing that plaintiffs' disciplinary hearings comported with due process and that plaintiffs were placed in ad seg after being found guilty of violating prison rules. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990) (per curiam) ("[o]ne officer's testimony was sufficient to constitute some evidence" to support disciplinary action of conduct violation). We also note that plaintiffs received periodic review hearings sufficient to satisfy due process. Cf. Jones v. Mabry, 723 F.2d 590, 594 (8th Cir.1983) (due process satisfied if institution has procedures in place to periodically review "situations of inmates who are in administrative segregation"), cert. denied, 467 U.S. 1228 (1984).
 
 
 4
 As to the "race discrimination" claim, plaintiffs failed to rebut defendants' documentary evidence showing that plaintiffs were assigned to ad seg for legitimate, non-discriminatory reasons. See Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir.1987) (proof of discriminatory racial purpose required to establish equal protection claim; official act not unconstitutional solely because it has racially disproportionate impact).
 
 
 5
 Defendants offered evidence that Ivey was denied his issue of the publication "Love and Rage" because its contents could promote violence and hatred among the inmate population. Because prison officials have broad discretion to censor or restrict an inmate's receipt of a publication to serve a legitimate penological interest-including the need for institutional security-we conclude defendants' censorship of "Love and Rage" was constitutionally valid. See Thornburgh v. Abbott, 490 U.S. 401, 412-14 (1989); Dawson v. Scurr, 986 F.2d 257, 260 (8th Cir.) (prisoners' constitutional right to receive publications may be restricted for legitimate penological interests), cert. denied, 114 S. Ct. 232 (1993); see also Travis v. Norris, 805 F.2d 806, 808-09 (8th Cir.1986) (upholding censorship of publication which advocated expression of "hostil[ity] to prison officials and authority in general," as well as abuse of judicial process). Defendants' unrebutted evidence belies Ivey's claim that he was denied an opportunity to appeal defendants' decision to other prison officials. Finally, we deny appellees' motion to dismiss.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 We do not consider the other claims alleged in plaintiffs' complaint; they have abandoned them on appeal. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir.1985)