68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
The PRUDENTIAL INSURANCE COMPANY, of America, a corporation, Plaintiff,
v.
Susie BADGER, Defendant-Appellant,
Michelle Lynne Badger, Defendant-Appellee.
 No. 94-3956.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 20, 1995.
Decided Oct. 20, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Gary Badger's death in 1993, the company that had issued him a life insurance policy filed a complaint in interpleader against two conflicting claimants of the insurance proceeds: Gary's widow, Susie Badger, and his daughter, Michelle Badger. Susie claimed the proceeds pursuant to a beneficiary designation form executed on October 6, 1991, while Michelle claimed them pursuant to an October 3, 1992 designation form naming her as the sole principal beneficiary. Susie contended that Gary was incompetent when he executed the later form. A jury found, however, that Gary was of sound mind on October 3, 1992, to change the beneficiary of his life insurance. The district court[1] thus entered judgment for Michelle, and this appeal followed.
 
 
 2
 Susie argues that the district court erred in excluding an unfiled beneficiary designation form from October 1991 that differed from the one on file with the insurance company. This argument fails. The district court granted Michelle's motion in limine to exclude the unfiled form, finding that it would tend only to confuse the issues. The district court did not abuse its discretion in excluding the unfiled form. See Fleming v. Harris, 39 F.3d 905, 908 (8th Cir.1994).
 
 
 3
 Susie also argues that three witnesses lied, but the credibility of witnesses is a matter within the jury's province. See Walker v. Jackson Nat'l Life Ins. Co., 20 F.3d 923, 925 (8th Cir.1994). Susie's argument that her attorney did not adequately represent her at trial is not a basis for relief in this appeal. Cf. Bettis v. Delo, 14 F.3d 22, 24 (8th Cir.1994) (refusing to review claim of ineffective assistance of counsel because appellant in civil action was not constitutionally entitled to representation). After our review of the record, we reject without further discussion Susie's remaining arguments.
 
 
 4
 Accordingly, we affirm. Michelle's motion to dismiss Susie's appeal for procedural defects is denied.
 
 
 
 [1]
 The HONORABLE JOSEPH E. STEVENS, United States District Judge for the Western District of Missouri