# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1117
_____

| | | |
|---|---|---|
| Harry B. Sisco, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Iowa Department of Corrections; | * | District Court for the |
| John Ault; Duffy, Dr., sued as Medical | * | Northern District of Iowa. |
| Consultant Duffy, I.M.R.; Lambert, | * | |
| C/O, sued as Capt. Lambert, | * | **[UNPUBLISHED]** |
| Grievance Officer; Michael L. | * | |
| Fulwider, sued as Mike Fulweiber, | * | |
| c/o LUD-1, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 7, 1998
Filed: July 20, 1998
_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Inmate Harry B. Sisco brought a 42 U.S.C. § 1983 action against several prison officials and employees. He claimed they were deliberately indifferent to his serious medical needs in that he required a cell assignment with a nonsmoking cell mate,

because he suffers from the adverse effects of second-hand smoke. In written findings and conclusions following a bench trial, the district court[1] found that Sisco had a serious medical need for a smoke-free environment, but it concluded Sisco had failed to establish that defendants were deliberately indifferent to his need. The court entered judgment in favor of defendants.

On appeal, Sisco has moved for a trial transcript prepared at government expense, but he has not pointed to specific errors in the district court's factual findings. We thus deny the motion. After careful review of the record and the parties' briefs, we affirm the district court's judgment, because Sisco failed to prove defendants were deliberately indifferent. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). To the extent Sisco argues for reversal because his appointed trial counsel refused to advance certain claims, his argument is meritless. See Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994) (refusing to review claim of ineffective assistance of counsel because appellant in civil action was not constitutionally entitled to representation); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE JOHN A. JARVEY, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).