# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1575

_____

| | | |
|---|---|---|
| Elvin E. Carroll, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| John E. Potter, Postmaster General of | * | |
| the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 27, 2006
Filed:  February 3, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Elvin E. Carroll, Sr., appeals the district court's[1] dismissal of his employment-discrimination lawsuit for failure to exhaust administrative remedies. Carroll sued John E. Potter, United States Postmaster General, under the Americans with Disabilities Act (ADA), Title VII, the Age Discrimination in Employment Act

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

(ADEA), the Rehabilitation Act, and 38 U.S.C. § 4212 (Veterans' employment emphasis under federal contracts).[2]  We affirm.

Specifically, we agree with the district court that Carroll could not file suit under the ADA to redress alleged discrimination occurring during his tenure as a federal employee, see Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 11 n.1 (1st Cir. 2004); and we find no basis for a claim under 38 U.S.C. § 4212.  As to his other claims, the evidence is undisputed that Carroll failed to contact an Equal Employment Opportunity (EEO) counselor within forty-five days of his March 8, 2002 alleged constructive discharge, the first step in the requisite administrative-exhaustion process.  See 29 C.F.R. § 1614.105 (2005); Coons v. Mineta, 410 F.3d 1036, 1039-40 (8th Cir. 2005) (discussing § 1614.105 requirements).  We agree with the district court that Carroll did not demonstrate a basis for relief from the forty-five day requirement under section 1614.105, see 29 C.F.R. § 1614.105(a)(2) (2005) (forty-five day deadline may be excused if, inter alia, employee shows that despite due diligence he was prevented by circumstances beyond his control from contacting EEO counselor within time limits), or under the equitable-tolling doctrine, see Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999) (equitable tolling is remedy reserved for circumstances truly beyond plaintiff's control).  To the extent Carroll is arguing for reversal based on ineffective assistance of counsel, his argument is unavailing.  See Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994) (declining to consider ineffective-assistance claim because appellant in civil case was not constitutionally entitled to representation).

Accordingly, we affirm.  We deny as moot appellee's motion to strike.

_____

[2]He has abandoned the remaining claims he raised in his complaint.  See Shade v. City of Farmington, Minn., 309 F.3d 1054, 1058 n.6 (8th Cir. 2002).