NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )    BAP Nos.  CC-12-1223-KiPaD
                                    )              CC-12-1366-KiPaD
YAN SUI,                            )              CC-12-1367-KiPaD
                                    )              (related appeals)
                   Debtor.          )
                                    )    Bk. No.   8:11-20448-CB
_____ )
                                    )
YAN SUI,                            )
                                    )
                   Appellant,       )
                                    )    **M E M O R A N D U M**[1]
v.                                  )
                                    )
RICHARD A. MARSHACK, Chapter 7)
Trustee; AMRANE COHEN,              )
Chapter 13 Trustee,                 )
                                    )
                   Appellees.       )
_____ )

Argued and Submitted on February 22, 2013,
at Pasadena, California

Filed - April 4, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Yan Sui argued pro se; D. Edward Hays,
                Esq. argued for Appellee Richard A. Marshack,
                Chapter 7 Trustee.

_____

Before: KIRSCHER, PAPPAS and DUNN, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

In these related appeals, debtor Yan Sui ("Sui") appeals three orders from the bankruptcy court: (1) the order allowing the former chapter 7[2] trustee's administrative claim for fees and expenses incurred while Sui's case was in chapter 7; (2) the order allowing the Goodrich Law Corporation's ("GLC") administrative claim for fees and expenses incurred while Sui's case was in chapter 7; and (3) the order reconverting Sui's chapter 13 bankruptcy case to chapter 7. We AFFIRM the order reconverting Sui's case to chapter 7. However, we DISMISS for lack of jurisdiction the appeal of the interlocutory orders allowing the administrative claims of the former trustee and GLC.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Prepetition facts

In 2000, Sui and his non-debtor wife, Pei-Yu Yang ("Yang"), acquired a fee simple interest in a residence in Costa Mesa, California ("Residence"). In 2003, Sui and Yang executed a $207,000 promissory note and first deed of trust in favor of World Savings Bank against the Residence.

In July 2007, Sui sued his former attorney, Kenny K. Tan ("Tan"), for professional negligence. Tan prevailed against Sui in arbitration and, in October 2008, was awarded $7,329.40. After a hearing on June 10, 2009, the state court confirmed the arbitration award and awarded Tan an additional $2,365.00 for sanctions and costs of $40.00, for a total judgment against Sui of $9,734.40. The judgment was entered on June 25, 2009 ("Tan

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Judgment"). Within minutes of the June 10 hearing, Sui filed and recorded a quitclaim deed conveying his entire interest in the Residence to Yang for little or no consideration.

Sui exhausted all of his appeals, and the Tan Judgment is final. As of the filing of his bankruptcy case, the Tan Judgment remained unpaid.

**B.    Sui's chapter 7 bankruptcy filing**

Sui, pro se, filed a chapter 7 bankruptcy case on July 27, 2011. Richard A. Marshack was appointed to serve as trustee for Sui's chapter 7 bankruptcy estate ("Trustee" or "former Trustee"). Sui did not list any real property in his Schedule A or list any secured debts in his Schedule D. Sui claimed in his Schedule I that he was "separated" from Yang.

On August 22, 2011, Trustee sought an order approving the employment of GLC as his general counsel. According to the application, Trustee wished to employ GLC to pursue and recover what he believed was a fraudulent transfer by Sui of the Residence to Yang in 2009. Trustee believed that a substantial amount of equity was available to pay creditors based on a valuation of the Residence of at least $410,000 and a secured debt held by World Savings Bank of $220,000. Other services to be performed by GLC included (1) representing Trustee in any action where the rights of the estate or Trustee may be affected, (2) conducting examinations of Sui, witnesses, claimants or adverse parties and preparing and assisting in the preparation of reports, accounts, applications, motions, complaints and orders, and (3) performing any and all other legal services incident and necessary for the administration of the bankruptcy case. David M. Goodrich

-3-

("Goodrich") of GLC agreed to perform legal services at the hourly rate of $250.00. The application stated that GLC's compensation was subject to court approval under § 328, and that GLC would be paid for its legal services only if it recovered any money or property.

Also on August 22, 2011, Trustee filed an adversary proceeding against Yang seeking to avoid the alleged fraudulent transfer of Sui's interest in the Residence.

In a letter dated August 23, 2011, Goodrich informed Sui that Trustee had learned of Sui's involvement as plaintiff in a number of lawsuits pending before the state and federal court, and that Sui had filed pleadings in some of these cases postpetition. Goodrich informed Sui that Trustee had assumed all rights in any of Sui's litigation once his bankruptcy was filed, and that Sui was not authorized to file any further pleadings without Trustee's permission.

On September 1, 2011, Sui filed a combined opposition to GLC's employment application and a notice of dismissal. Sui contended that GLC was not a "disinterested" party because the firm rented an office in a building owned by Trustee. No action was taken on Sui's notice of dismissal.

On September 8, 2011, Trustee filed an amended application for the employment of GLC to disclose that GLC was a tenant of Marshack Hays, LLP, a law firm in which Trustee was a partner. Other than this disclosure, the terms of GLC's employment remained the same.

On September 19, 2011, Sui moved to dismiss his chapter 7 bankruptcy case. Sui contended that he was a party to four

-4-

lawsuits (three in state court and one in federal court) against the homeowners association for the community in which the Residence is located ("HOA"), as well as one federal court lawsuit against a party named Southside Towing, and he wanted to prosecute these cases without Trustee's interference. Sui also contended that he had voluntarily paid in full his two unsecured creditors, Capital One and American Express. Finally, Sui contended that Tan, a judgment creditor, did not meet the definition of "creditor" for the purpose of his bankruptcy case, and that Tan was mistakenly added to Sui's schedules. Therefore, argued Sui, dismissal was appropriate because his two creditors were now paid, and Tan was not technically a creditor. The bankruptcy court denied Sui's dismissal motion for failure to show cause, and because the motion was not properly noticed and set for hearing.

Sui filed a second motion to dismiss his chapter 7 case on October 11, 2011. This dismissal motion was essentially identical to the first. Trustee opposed dismissal, contending that Sui had failed to demonstrate cause, and that the best interests of creditors would be served by allowing Trustee to administer the case. Specifically, Trustee opposed dismissal because:

- Sui and Yang held at least $300,000 in equity in the Residence;

- Sui failed to disclose several pending lawsuits in his bankruptcy petition, including those filed against the HOA;

- Sui lived in the Residence with Yang despite his claim that he was separated;

- Sui failed to list any of Yang's assets as assets of the bankruptcy estate;

- Sui continued to prosecute disclosed and undisclosed litigation despite Goodrich's demands to cease such activity;

-5-

- after filing the chapter 7 case, Sui filed a new civil lawsuit for a potential claim that was not scheduled;

- Yang had filed a petition for dissolution of marriage, but no decree of separation or divorce had been entered;

- Sui claimed at the § 341(a) meeting of creditors that he was never legally married to Yang yet his tax returns indicated he was married to Yang, he affirmed his marriage to Yang in a recently filed lawsuit, and he was the respondent in Yang's petition for dissolution;

- Sui had allegedly paid over $8,000 in prepetition debt to two creditors after he filed his chapter 7 case;

- three cars were regularly seen at the Residence, but Sui had not scheduled any vehicles;

- Sui had paid the HOA $10,000 within 90 days of the bankruptcy filing, but this payment was not scheduled;

- one of Sui's creditors had obtained an order from the state court determining Sui to be a vexatious litigant;

- at least two creditors did not consent to dismissal and neither of these creditors were listed in Sui's schedules; and

- an undisclosed ownership interest in real property located in Manteca, California was transferred to Sui on July 5, 2011 - twenty-two days before he filed his chapter 7 case.[3]

The HOA, who Sui did not list as a creditor in his schedules, also opposed dismissal, contending that Sui owed the HOA approximately $18,000 in attorney's fees incurred in defending Sui's frivolous and duplicative lawsuits.

---

[3] According to a motion for relief from stay filed by Wells Fargo Bank on October 14, 2011, borrowers Alberto and Patricia Valencia had defaulted under the terms of a note and deed of trust regarding certain property in Manteca, California. A trustee's sale was scheduled for August 10, 2011. On July 5, 2011, the Valencias purportedly conveyed an ownership interest in the property to Yan Sui, "a single woman," by grant deed. According to Wells Fargo, this "Yan Sui" was the debtor Yan Sui. Sui did not disclose an ownership interest in this property in his schedules. Wells Fargo contended that cause existed to terminate the stay because Sui's bankruptcy case was being used for an improper purpose to frustrate its efforts to foreclose upon the property.

After a hearing on Sui's second motion to dismiss and GLC's employment application, the bankruptcy court entered an order approving GLC's employment under § 327, stating that any compensation or reimbursement of costs would "only be paid upon application to and approval of the Court pursuant to 11 U.S.C. § 330." The bankruptcy court denied Sui's second motion to dismiss his chapter 7 case for failing to show cause to grant it.[4]

**C.   Sui's conversion to chapter 13, Trustee's and GLC's administrative claims and Sui's motion to dismiss the chapter 13 bankruptcy case**

On January 9, 2012, Sui moved to convert his chapter 7 case to chapter 13. No opposition was filed. The bankruptcy court entered an order on January 30, 2012, converting Sui's case to chapter 13 under § 706(a).

Sui filed his chapter 13 plan on February 14, 2012. The plan proposed payments of $402.00 per month for 24 months, which would pay the Tan Judgment, Sui's alleged sole debt, in full. The plan proposed to pay $0.00 for fees of either the chapter 13 trustee or the former Trustee.[5] A confirmation hearing was set for April 12, 2012.

On February 28, 2012, GLC moved for an order allowing its administrative claim (claim #2) for fees and expenses incurred in Sui's chapter 7 case prior to the conversion. GLC contended that

---

[4] Sui appealed the order approving GLC's employment and the order denying his second motion to dismiss his chapter 7 case on November 8, 2011. The Panel denied Sui's motion for leave to appeal the interlocutory orders and dismissed the appeal.

[5] Trustee and GLC filed a combined objection to Sui's chapter 13 plan on March 5, 2012. They opposed confirmation because the plan failed to provide for their administrative claims for preconversion fees and expenses.

-7-

its fees and expenses were directly related to the protracted investigation of a variety of undisclosed assets and avoidable fraudulent transfers. GLC contended that all of its services were necessary and benefitted the estate by proving significant assets existed that could be liquidated and/or recovered and liquidated to pay creditors. GLC further contended that its uncovering of assets forced Sui into chapter 13, whereby most, if not all, of his unsecured debt would now be paid. Therefore, argued GLC, its fees of $14,987.50 and expenses of $37.70 should be allowed as an administrative expense under § 503(b)(1)(A). GLC attached copies of detailed time and expense records for preconversion services provided in Sui's chapter 7 case between August 17, 2011 and December 27, 2011.

On March 6, 2012, the former Trustee filed a similar motion to allow his administrative claim (claim #3) for preconversion fees and expenses under § 503(b)(1)(A). Trustee essentially set forth the same basis for why his claim should be allowed as an administrative expense, adding that his (and his staff's) services were instrumental in the bankruptcy court's denials of Sui's multiple motions to dismiss the case. Trustee requested fees of $5,890.00, which were based on an hourly rate and time spent, and expenses of $64.08. Attached were copies of detailed time and expense records for services Trustee and his staff provided in Sui's chapter 7 case.

Sui opposed both motions to allow the administrative claims

-8-

for preconversion fees and expenses.[6] In his thirty-one page objection to GLC's fees, Sui contended the claim should be disallowed in its entirety because: (1) the fees were unreasonable in light of the debt; (2) the services were not reasonably likely to benefit the estate; (3) the services were duplicative with that of Trustee's or consisted of tasks that should have been performed by Trustee; (4) any fees incurred before GLC filed its amended employment application on September 8, 2011, were unauthorized; (5) Trustee's adversary action against Yang had no merit and would fail; and (6) GLC was not entitled to compensation because of various false statements made by Goodrich during Sui's case, and because GLC caused Sui and Yang to lose two favorable default judgments against Southside Towing and the HOA. Sui virtually went through each of GLC's time entries, contending that it was either "unnecessary," "unfounded," "unconvincing," "groundless," "duplicative," or a "secretarial" function that was charged at an attorney rate.

Sui contended that the former Trustee's claim for fees should also be disallowed because: (1) the fees were unreasonable; (2) Trustee failed to explain to Sui how his fees were calculated and documented; (3) some of Trustee's services were duplicative with those of GLC; (4) Trustee's staff members were not authorized by the court to assist him; and (5) Trustee was not entitled to any compensation because he had caused Sui, his estate and Yang damages in the Southside Towing and HOA cases.

---

[6] Sui did not file a claim objection but rather an opposition to the former Trustee's and GLC's motions to allow their administrative claims. Presumably, the bankruptcy court construed Sui's opposition to be an objection to their proofs of claim.

-9-

On March 21, 2012, Sui moved to dismiss his chapter 13 case. Sui explained the reasons for why he quitclaimed his interest in the Residence and why he indicated that he was "separated" in his Schedule I. Sui contended that Trustee's actions or failures to act regarding the pending lawsuits caused him and his creditors damages. Sui also contended that Trustee and GLC were not entitled to any fees because they caused their own damages. Attached to Sui's motion were various court documents and emails from Sui to Tan attempting to work out a payment plan for the Tan Judgment.

The former Trustee and GLC opposed Sui's motion to dismiss, asserting essentially the same bases for denial of the motion as Trustee had asserted in his opposition to Sui's prior motions to dismiss his then chapter 7 case. In short, Trustee and GLC contended that Sui's acts had been in bad faith, and that it was in the best interests of creditors to deny Sui's motion to dismiss and reconvert his case to chapter 7. In his attached declaration, Goodrich stated that Sui had testified at the initial § 341(a) meeting of creditors in his chapter 13 case that his sole purpose for conversion was to seek dismissal of his case.

The matters of Sui's plan confirmation and motion to dismiss and the motions for allowance of Trustee's and GLC's administrative claims were heard by the bankruptcy court on April 12, 2012. At the outset, Goodrich, appearing for both GLC and the former Trustee, moved to reconvert Sui's case to chapter 7. Counsel for the chapter 13 trustee supported reconversion, noting that Sui had failed to make any plan payments or show any attempt to set forth a confirmable plan. After Sui

-10-

explained that he had paid his three creditors in full, the bankruptcy court announced its decision to deny the motion to dismiss and reconvert the case to chapter 7:

> The problem is that you used the bankruptcy system inappropriately. You filed documents that were untrue. And we can't allow that. You misused the Bankruptcy Court and all the people involved. That's why we can't let you dismiss this case because you caused a lot of people a lot of work. And you violated some federal laws. That's why we're not going to dismiss this case.
>
> I'm going to reconvert it to a Chapter 7. The Chapter 7 Trustee had to do a lot of work because of the inconsistencies between your statements in writing and orally. And had to do a lot of investigations to fine [sic] out that, frankly, there were lies involved in your bankruptcy case. And we can't run the system that way. So I am going to reconvert it back to a Chapter 7.
> . . . .
> So I'm not dismissing the bankruptcy case. That's denied.

Hr'g Tr. (Apr. 12, 2012) 2:10-23; 3:9-10.

The bankruptcy court then announced its decision to allow GLC's and the former Trustee's administrative claims for preconversion fees and expenses:

> I am going to allow the administrative claim of the Goodrich Law Firm because they had to do a lot of work on this case because of the way you abused the system.
> . . . .
> I am also going to allow the motion for the administrative claim of the Chapter 7 Trustee, who also had to do a lot of work because of your many inconsistent statements.

Id. at 3:10-13; 16-19. After Sui contended that he had been truthful in his bankruptcy case, the bankruptcy court further found:

> With all due respect I'm finding the opposite. Therefore, you need to understand that this is the end of the road. You can't keep coming here and trying to get rid of this bankruptcy case. You came here seeking the protection of the bankruptcy court, but you did not

-11-

follow the rules. Yes, you are getting penalized for doing things you should not have done. That's where we are at at this point. Because we have to protect the integrity of this system.

. . . .

You came here voluntarily, sir. You cannot leave when we find out that you're abusing the system. And money has been spent by various parties in the bankruptcy system to bring out the fact that you have lied. They're entitled to be paid.

Id. at 4:9-17; 4:24-5:3. Based on the court's ruling, confirmation of the plan was denied. The court also denied Sui's request to file a new plan.

On April 13, 2012, the bankruptcy court entered an order allowing the former Trustee's administrative claim for preconversion fees of $5,980.00 and expenses of $64.08. On April 20, 2012, the bankruptcy court entered three more orders: (1) the order allowing GLC's administrative claim for preconversion fees of $14,987.50 and expenses of $37.70; (2) the order denying Sui's motion to dismiss the chapter 13 case; and (3) the order reconverting Sui's bankruptcy case to chapter 7.

Sui timely appealed the orders allowing the former Trustee's and GLC's administrative claims and the order reconverting the case to chapter 7.[7]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B) and (L). We have jurisdiction over the

---

[7] Sui did not appeal the order denying his motion to dismiss the chapter 13 case. As for the three orders that are on appeal, although Sui filed only one notice of appeal for all of them, we entered an order on July 18, 2012, assigning each order its own appeal number: CC-12-1223 for the order allowing the former Trustee's administrative claim; CC-12-1366 for the order allowing GLC's administrative claim; and CC-12-1367 for the order reconverting the bankruptcy case to chapter 7.

-12-

order reconverting Sui's case to chapter 7 under 28 U.S.C. § 158. We address below our jurisdiction over the orders allowing the administrative claims of the former Trustee and GLC.

## III. ISSUES

1.    Did the bankruptcy court abuse its discretion when it reconverted Sui's case to chapter 7?

2.    Do we have jurisdiction over the appeal of the orders allowing the former Trustee's and GLC's administrative claims for preconversion fees and expenses?

## IV. STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to deny a request for dismissal of a chapter 13 case under § 1307(b) and to convert a case from chapter 13 to chapter 7. Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 771 (9th Cir. 2008).  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver, Inc., 653 F.3d 820, 832 (9th Cir. 2011).

"Bad faith" is a finding of fact reviewed for clear error. Id. at 774 (citing Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1222-23 (9th Cir. 1999); and Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994)(per curiam)).  A bankruptcy court's factual finding is clearly erroneous if it is illogical, implausible, or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010)(citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009)(en banc)).

When a question regarding our jurisdiction exists, we are

-13-

"entitled to raise [that issue] sua sponte and [address it] de novo." Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

## V. DISCUSSION

**A. The bankruptcy court did not abuse its discretion when it reconverted Sui's case to chapter 7.**

Sui's brief on appeal spends a great deal of time discussing the alleged wrongful acts of the former Trustee and GLC rather than explaining how the bankruptcy court erred in its decision to reconvert his case to chapter 7. However, Sui appears to contend the bankruptcy court abused its discretion in reconverting his case to chapter 7 for abuse of process when his prepetition creditors had been paid in full prior to the hearing. Sui also appears to contend that his right to dismiss his chapter 13 case was absolute under § 1307(b).

Sections 1307(b) and 1307(c) provide, in relevant part:

(b) On request of the debtor at any time, <u>if the case has not been converted under section 706</u>, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.

(c) [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause . . . . (Emphasis added).[8]

Section 1307(c) establishes a two-step analysis for dealing with questions of conversion and dismissal. "First, it must be determined that there is 'cause' to act. Second, once a

---

[8] Section 1307(c) provides a non-exhaustive list of acts and omissions that constitute "cause," none of which is directly applicable here.

-14-

determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" Nelson v. Meyer (In re Nelson), 343 B.R. 671, 675 (9th Cir. BAP 2006)(citations omitted).

Because Sui's case had already been converted under § 706,[9] the bankruptcy court was not required to dismiss Sui's case on his request. Further, even if Sui had not previously converted his case, the right to dismiss his chapter 13 case was not absolute. In reviewing the U.S. Supreme Court's holding in Marrama v. Citizens Bank of Mass. (In re Marrama), 549 U.S. 365 (2007), the Ninth Circuit held in In re Rosson that a "debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or 'to prevent an abuse of process.'" 545 F.3d at 774 (citing § 105(a))(other citations omitted). In other words, a bankruptcy court may dismiss or convert a chapter 13 case to chapter 7 for "cause," which courts have routinely interpreted to include bad faith conduct. In re Marrama, 549 U.S. at 373; In re Rosson, 545 F.3d at 774-75; In re Leavitt, 171 F.3d at 1224 (although not specifically listed, bad faith is a "cause" for dismissal under § 1307(c)); In re Eisen, 14 F.3d at 470 (chapter 13 case filed in bad faith may be dismissed "for cause").

_____

[9] Section 706(a) provides:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

-15-

In determining whether a debtor has engaged in bad-faith conduct, the bankruptcy court must review the "totality of the circumstances." In re Eisen, 14 F.3d at 470 (quoting Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1391 (9th Cir. 1982)). A bankruptcy court should consider:

> (1) whether the debtor misrepresented facts in his or her petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the chapter 13 petition or plan in an inequitable manner;
>
> (2) the debtor's history of filings and dismissals;
>
> (3) whether the debtor's only purpose in filing for chapter 13 protection is to defeat state court litigation; and
>
> (4) whether egregious behavior is present.

In re Leavitt, 171 F.3d at 1224. A finding of bad faith does not require fraudulent intent by the debtor. Id.

It is undisputed that Sui failed to disclose several pending lawsuits in his bankruptcy schedules, and that he unlawfully continued to prosecute disclosed and undisclosed litigation in other courts while his case was in chapter 7. See Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (debtor's prepetition causes of action become property of the estate upon the bankruptcy filing and the trustee is the only party with standing to prosecute those actions). Sui also apparently owns or possesses at least three vehicles, none of which was ever scheduled. Sui claimed at the § 341(a) meeting of creditors that he was never legally married to Yang, yet in recent tax returns and pleadings filed in other courts, Sui has affirmatively represented that Yang is his wife. He also claimed in his Schedule I that he is "separated" from Yang. Further, Sui

-16-

admitted at the initial § 341(a) meeting of creditors in his chapter 13 case that his sole purpose for conversion was to seek dismissal of his case. Finally, although he disputes it, Sui may have obtained an ownership interest in real property located in Manteca, California just days before his bankruptcy filing, but he failed to disclose this interest in his schedules.

Based on these facts and more, the bankruptcy court found that Sui had filed untrue documents, violated federal law and abused the bankruptcy process. Therefore, under the totality of the circumstances, the bankruptcy court found that "cause" to convert had been established.

The bankruptcy court also determined that because of Sui's conduct, converting the case to chapter 7 was preferred to dismissing it. Although it did not expressly find that conversion was in the best interest of creditors as opposed to dismissal, the record supports the bankruptcy court's decision to reconvert the case. See Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008) (we may affirm on any ground supported by the record). In their opposition to dismissal, both the former Trustee and GLC suggested conversion would be in the best interests of creditors because Sui had shown a pattern of avoiding paying his creditors, particularly Tan, and no assurances existed that he would pay his creditors outside of bankruptcy. For example, just moments after the state court announced its oral ruling in favor of Tan, Sui recorded a quitclaim deed conveying his entire interest in the Residence to Yang for little or no consideration. Sui also filed his chapter 7 bankruptcy case just one day before Tan was to conduct a scheduled debtor's examination on July 28, 2011. Moreover, it was quite

-17-

possible, based on the multitude of omissions in his schedules, that Sui had not listed all of his creditors. For certain, Sui did not list the HOA, with whom he had been in litigation for years prior to his bankruptcy filing.

Obviously, Sui's plan of filing a chapter 7 bankruptcy case to shield himself from his prepetition creditors backfired. It ended up, much to Sui's dismay, giving the former Trustee power over his prepetition claims and litigation. It also allowed the former Trustee to investigate Sui's undisclosed assets, as well as pursue and recover what might have been a fraudulent transfer of the Residence to Yang.

We see no clear error in the bankruptcy court's finding of bad faith conduct. We also see no error in its apparent determination that conversion, as opposed to dismissal, was in the best interests of creditors. Accordingly, we conclude the bankruptcy court did not abuse its discretion when it reconverted Sui's case to chapter 7.[10]

**B.    We lack jurisdiction over the appeal of the interlocutory orders allowing the former Trustee's and GLC's administrative claims for preconversion fees and expenses.**

We conclude, on this record, that the orders allowing the former Trustee's and GLC's administrative claims for preconversion fees and expenses are interlocutory. Counsel for the former

---

[10] Although Sui does not raise this issue, the former Trustee had standing to suggest the case be reconverted instead of dismissed. See In re Barnes, 275 B.R. 889, 892-93 (Bankr. E.D. Cal. 2002). Even if Trustee somehow lacked standing, the bankruptcy court had the authority to sua sponte convert Sui's case. In re Rosson, 545 F.3d at 774 (bankruptcy court has authority to sua sponte dismiss or convert a case on its own motion under § 105(a) to prevent what it reasonably perceives as an abuse of process).

-18-

Trustee conceded as much at oral argument. We also decline to consider Sui's notice of appeal of these orders as a motion for leave to appeal under Rule 8003(c). As such, we must DISMISS these appeals for lack of jurisdiction.

Because Sui's case was reconverted to chapter 7, which the former Trustee is again administering, and because Sui never confirmed a chapter 13 plan allowing for the administrative claims of the former Trustee and GLC for preconversion fees and expenses, the orders at issue are, at best, interim fee awards under § 331. Interim awards under § 331 are interlocutory and are always subject to the court's reexamination and adjustment during the course of the case. Leichty v. Neary (In re Strand), 375 F.3d 854, 858 (9th Cir. 2004)(citations omitted).

Although we believe that this case should run its course and decline to exercise jurisdiction over the appeal of these orders under Rule 8003(c), we perceive considerable issues with the merits of the awarded fees and strongly suggest that the bankruptcy court revisit the awards upon the parties' final fee applications. We note, the bankruptcy court did not articulate upon what legal standard it was awarding fees and expenses for either the former Trustee or GLC, nor did it conduct any reasonableness analysis, even when reasonableness was questioned by Sui. The court also made no finding that Trustee's and GLC's services were likely to benefit the estate at the time rendered. Now that Sui's case has been reconverted to chapter 7, the former Trustee's fees would presumably be subject to § 326. As counsel

-19-

for Trustee employed under § 327(a),[11] GLC's fees were (and are) subject to a reasonableness determination under § 330(a).

## VI. CONCLUSION

Based on the foregoing, we AFFIRM the order reconverting Sui's case to chapter 7. However, we DISMISS for lack of jurisdiction the appeal of the interlocutory orders allowing the former Trustee's and GLC's administrative claims for preconversion fees and expenses.

---

[11] Although GLC's employment application expressly sought employment under § 328, the bankruptcy court's order approving GLC's employment, which was drafted by GLC, made no mention of § 328, and instead stated that any compensation or reimbursement was subject to court approval under § 330. Therefore, as GLC even seems to concede on appeal, its fees were subject to a reasonableness determination under § 330. See Appellee Response Brief at 8. We further note that GLC agreed to accept fees only if property or money is recovered. Other than the $5,000 Trustee recovered in a settlement with the HOA, we fail to see what other assets had been recovered prior to GLC being awarded nearly $15,000 in fees.

-20-